UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **James R. Skrzypek,** | **Civil No. 08-4863 (ADM/SRN)** |
| **Petitioner,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **M. Cruz, Warden,** | |
| **Respondent.** | |

Petitioner James R. Skrzypek, pro se, FPC-Duluth, Box 1000, Duluth, Minnesota, 55814

Gregory G. Brooker, Esq., Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondent.

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge of District Court on Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. 4). The case was referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, this Court recommends that the petition be dismissed without prejudice.

I. FACTUAL AND PROCEDURAL BACKGROUND

A. Petitioner's Conviction, Sentence, and § 2255 Motion

Petitioner James Skrzypek was charged in United States District Court, Northern District of Illinois, with 160 criminal offenses including racketeering, conspiracy to defraud, mail and wire fraud, failure to pay taxes, and bribery of a public official. See United States v. Skrzypek, 219 F. App'x 577, 578 (7th Cir.), cert. denied, 128 S. Ct. 307 (2007). Petitioner was tried by a jury and found guilty of all but one count. Id. He was sentenced on March 8, 2005 to a term of

ninety months imprisonment, with five years of supervised release to follow, and ordered to pay restitution. See id. at 578-79. He appealed his conviction and sentence, which were affirmed by the Seventh Circuit Court of Appeals, with a limited remand allowing the district court to establish a schedule for the payment of restitution. Id. at 579.

On October 10, 2007, Petitioner filed a motion in the sentencing court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, claiming that his counsel was ineffective for failing to file a motion to suppress evidence. United States v. Skrzypek, Civ. No. 07-5753 (JBM), mot. at 5 (N.D. Ill. Oct. 10, 2007) (Doc. No. 1). That motion remains pending in the sentencing court. See id., order at 1 (N.D. Ill. Sept. 4, 2008) (Doc. No. 51) (mandate of the Seventh Circuit dismissing Petitioner's interlocutory appeal as improper because the § 2255 motion remains pending). There have been no docket entries since the Seventh Circuit's order, and the case remains open.

### B. Proceedings Before the BOP

Petitioner began serving his sentence on May 17, 2005 when he was received into federal custody. He received prior custody jail credit for the dates of July 23-25, 1997, and February 11-22, 2002. Petitioner has a tentative release date of November 14, 2011 through good conduct time release. He is currently confined at the Federal Prison Camp in Duluth, Minnesota.

On August 9, 2007, Petitioner filed a request for an administrative remedy with the BOP, asserting that the BOP incorrectly calculated his sentence. The request was denied, and Petitioner appealed to the Regional Administrative Remedy Section of the BOP. The appeal was then forwarded to the Designation and Sentence Computation Center for review. The BOP denied Petitioner's appeal on October 29, 2007, finding that Petitioner's sentence computation

reflected the correct amount of prior custody credit.

Petitioner filed a second request for an administrative remedy on July 1, 2008, asking for a sentence reduction based on United States v. Santos, 128 S. Ct. 2020 (2008).  This request was also denied, and Petitioner appealed.  On August 4, 2008, the BOP denied the appeal on the basis that the BOP lacked the authority to amend a court order.

### C.   The Habeas Petition

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court on August 7, 2008.  He contends broadly that the BOP was "responsible for calculating Petitioner's sentence.  The Bureau of Prisons miscalculated Petitioner's time and sentence and did not follow the order of the court.  Petitioner's time and sentence is [sic] several months less than what the Bureau of Prisons calculated[,] and the Bureau of Prisons is required to follow the order of the court."  (Pet. ¶ 3.)  This is the extent of his allegations.

Respondent moved to dismiss the petition on September 16, 2008, arguing that the Court lacked jurisdiction and that Petitioner had not stated a claim on which relief could be granted. Petitioner opposed the motion and further explained his grounds for relief:

> The F.B.O.P. miscalculated Petitioner's time and did not follow the mandate/order of the courts.  The charges of Leadership and Sophisticated Means were not contained in Petitioner's indictment, were not admitted to by Petitioner, nor did a jury find Petitioner guilty of such charges. . . .  [O]ne of the duties of the Bureau of Prisons is to provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.  The F.B.O.P. knew, when they reviewed the computations and calculated Petitioner's sentence, that the United States Supreme Court did not allow enhancements of time in cases such as this.

(Pet'r's Opp'n Mot. Dismiss at 2.)

## II. DISCUSSION

### A. Jurisdiction

The Court begins with the threshold question of jurisdiction. It is clear from Petitioner's memorandum in opposition to the motion to dismiss that he is challenging the trial court's imposition of sentencing enhancements for the use of sophisticated means and having a leadership role in the offenses of conviction. This is a collateral challenge to his sentence, which generally may only be brought in a § 2255 motion to the sentencing court. See Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004) ("A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255"). Although a court located in the district of a prisoner's incarceration has jurisdiction over matters concerning the execution of a sentence, DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), Petitioner is not genuinely challenging the BOP's execution of his sentence. He is contesting the validity of the sentencing enhancements applied by the trial court. This challenge is properly made in a § 2255 motion, not a § 2241 petition.

There is a "savings clause" in § 2255, which permits a prisoner to challenge the validity of his sentence in a § 2241 petition filed in the district of incarceration, but only if a § 2255 remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). The question therefore becomes whether § 2255 is inadequate or ineffective to test the legality of Petitioner's sentence. See Hill, 349 F.3d at 1091. Petitioner bears the burden to demonstrate inadequacy or ineffectiveness. See DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). But he has made no showing whatsoever that a § 2255 remedy would be ineffective or inadequate, and thus, the savings clause does not

apply.  See Zvonaric v. Mustain, 562 F.2d 570, 572 (8th Cir. 1977).

Petitioner has a § 2255 motion pending before the sentencing court, but he did not challenge the imposition of the sentencing enhancements in the motion.  A petitioner cannot demonstrate inadequacy or ineffectiveness when an issue could have been raised in a § 2255 motion filed in the sentencing court, but was not.  Hill, 349 F.3d at 1092.  Petitioner certainly could have included his argument against the sentencing enhancements in a § 2255 motion.

### B. Failure to State a Claim on which Relief May Be Granted

Even if the Court had jurisdiction over the petition, however, the allegations of the petition are insufficient to state a claim for relief.  To state an actionable claim for habeas relief, a petitioner "must allege sufficient facts to establish a constitutional claim.  Mere conclusory allegations will not suffice."  Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987).  Here, Petitioner did not include any facts in support of his claim that the BOP miscalculated his sentence.  He did not provide dates of custody to credit toward his sentence, identify an alternative release date, specify the supposed miscalculations, or describe any particular error by the BOP.  As such, in the alternative to dismissal for lack of jurisdiction, the petition should be dismissed for failure to state a claim for relief.

### IV. RECOMMENDATION

The Court lacks jurisdiction over Petitioner's collateral challenge to the validity of his sentence brought in the form of a § 2241 petition, and the petition accordingly should be dismissed without prejudice.  Alternatively, the allegations in the petition are insufficient to state a claim for habeas relief, which also requires dismissal.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE**; and

2. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. 4) be **GRANTED**.

Dated: January 9, 2009

        s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 26, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.