UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James R. Skrzypek,

               Petitioner,          **MEMORANDUM OPINION
                                                    AND ORDER**
vs.                                                              Civil No. 08-4863 ADM/SRN

M. Cruz, Warden,

               Respondent.

_____

James R. Skrzypek, pro se.

Gregory G. Brooker, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of the Respondent.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge to consider Petitioner James R. Skrzypek's ("Petitioner") Objection [Docket No. 14] to Magistrate Judge Susan R. Nelson's Report and Recommendation ("R&R") [Docket No. 9]. The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] be dismissed without prejudice. For the reasons set forth below, the Objection is overruled, the R&R is adopted, and the Petition is dismissed without prejudice.

## II.  BACKGROUND

Petitioner is currently serving a federal sentence at the Federal Prison Camp in Duluth, Minnesota.  Pet. at 6.  He was charged in the United States District Court, Northern District of Illinois, with 160 criminal offenses including racketeering, conspiracy to defraud, mail and wire fraud failure to pay taxes, and bribery of a public official resulting in a jury conviction of all but

one count. United States v. Skrzypek, 219 F. App'x 577, 578 (7th Cir. 2007). He was sentenced to a ninety month term, five years of supervised release, and ordered to pay restitution. Id. at 578-79. His conviction and sentence were affirmed on appeal. Id. at 579. Petitioner filed a 28 U.S.C. § 2255 motion in the sentencing court on October 10, 2007, to vacate, set aside, or correct his sentence on the ground of ineffective assistance of counsel. United States v. Skrzypek, Civ. No. 07-5753, Motion [Docket No. 1] at 5 (N.D. Ill. Oct. 10, 2007). This § 2255 motion is currently pending before the sentencing court. Id. Order [Docket No. 51] at 1.

On May 17, 2005, Petitioner began serving his sentence. Norenberg Decl. [Docket No. 5] ¶ 6. Petitioner requested an administrative remedy with the Bureau of Prisons ("BOP") on August 9, 2007, arguing that BOP incorrectly calculated his sentence. Id. ¶ 7. He has exhausted his administrative remedies. Id. Petitioner then filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that BOP "miscalculated petitioner's time and sentence and did not follow the order of the court. Petitioner's time and sentence is several months less than what [BOP] calculated and [BOP] is required to follow the order of the court." Pet. at 3.

The R&R recommends that the Court dismiss the petition for lack of jurisdiction. Judge Nelson found that Petitioner seeks to challenge the trial court's imposition of sentencing enhancements and that this petition is a collateral challenge to his sentence, which should be the subject of a § 2255 motion in the sentencing court. R&R at 4. The R&R also finds inapplicable the "savings clause" in § 2255 that allows a petitioner to challenge his sentence in a § 2241 motion if the § 2255 remedy is inadequate or ineffective to test the legality of his detention. Additionally the R&R recommends dismissal because Petitioner has not included any facts and therefore fails to state a claim for which relief can be granted.

### III.  DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Petitioner objects on the ground that he challenges the authority of BOP to detain him, not the imposition of his sentence.  Objection at 2.  He argues that BOP only has authority to detain individuals "charged with or convicted of offenses against the United States, and submits that enhancements of sophisticated means and leadership are not crimes against the United States." Id. at 3.  Therefore, he argues, a § 2255 petition would be inadequate or ineffective to test the legality of his sentence.  Id.

The Court agrees with Judge Nelson that Petitioner actually seeks to challenge the trial court's imposition of enhancements.  BOP is simply following the dictates of the sentencing court.  As such, Petitioner may petition the sentencing court pursuant to § 2255 to challenge the imposition of those enhancements.[1]  See Blevins v. United States, 158 Fed. App'x 587, 587-88 (5th Cir. 2005) (finding that a challenge to sentencing enhancements are properly brought pursuant to § 2255 and not § 2241).  The Court also agrees with the recommendation in the R&R

---

[1] Petitioner may be procedurally barred from raising this challenge in a § 2255 petition because he did not raise it in his original § 2255 petition before the sentencing court.  Such a potential defect, however, does not mean that his remedy is inadequate or ineffective such that the savings clause would apply. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (finding that a § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, leave to file successive § 2255 motions has been denied, or the Petitioner has allowed the statute of limitations to run).

that Petitioner has failed to allege any facts, and, thus, he has failed to state a claim on which relief could be granted. Petitioner did not object to this finding.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner James R. Skrzypek's Objection [Doc. No. 14] is **OVERRULED**;

2. The R&R [Doc. No. 9] is **ADOPTED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED** without prejudice; and

4. Respondent's Motion to Dismiss [Docket No. 4] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 25, 2009.